UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR ZAPATA-PEREZ,<br><br>Defendant. | Case No. 09-cr-01092-JW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REVOKE SUPERVISED RELEASE AND IMPOSE SENTENCE IN ABSENTIA**<br><br>[Re: ECF 16] |

Defendant Hector Zapata-Perez currently is serving a three-year term of supervised release in this district as a result of a 2010 conviction for illegal reentry of a removed alien in violation of 8 U.S.C. § 1326 ("first conviction"). Defendant, acting *pro se*, has filed a motion to revoke his term of supervised release based upon a 2013 conviction for illegal reentry ("second conviction") in the Southern District of California. *See* Def.'s Mot., ECF 16. Defendant requests that this Court immediately: (1) commence proceedings *in absentia* to determine that the conduct underlying the second conviction constitutes a violation of the term of supervised release on the first conviction; (2) revoke the term of supervised release on the first conviction; (3) sentence him *in absentia* to a term of imprisonment on the supervised release violation; and (4) order that such sentence run concurrently with the 51-month term of imprisonment that he is serving on the second conviction. *See id.* The United States has filed opposition to the motion and Defendant has filed a reply. *See* ECF 20, 23. For the reasons discussed below, Defendant's motion is DENIED.

## II. DISCUSSION

"The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). "The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d). The district court may,[1] after considering relevant factors, "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

When making these determinations, the court must consider the factors set forth in 18 U.S.C. § 3553(a), *see United States v. Spangle*, 626 F.3d 488, 498 (9th Cir. 2010), which include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public, and pertinent policy statements issued by the Sentencing Commission, *see* 18 U.S.C. § 3553(a). The Sentencing Commission has issued a policy statement recommending that any term of imprisonment imposed upon the revocation of supervised release run consecutively to any term of imprisonment the defendant is serving at the time of revocation, whether or not the latter term resulted from the conduct that is the basis of the revocation. *See* U.S.S.G. § 7B1.3(f) (policy statement). However, the court has discretion to order that the two terms run concurrently. *Spangle*, 626 F.2d at 498.

Ordinarily, the United States Probation Office brings a supervised release violation to the district court's attention by means of a petition to revoke supervised release. *See, e.g. United States v. Hertler,* --- F.3d ----, 2015 WL 178350, at *1-2 (9th Cir. Jan. 15, 2015) (defendant's probation officer filed petition to revoke supervised release); *United States v. Daniels*, 760 F.3d 920, 922 (9th Cir. 2014) (United States Probation Office filed petition to revoke supervised release); *United States v. Vasquez-Perez*, 742 F.3d 896, 897 (9th Cir. 2014) (same). The court

---

[1] Revocation of the term of supervised release is mandatory under certain circumstances not present in this case. See 18 U.S.C. § 3583(g).

2

may issue a warrant or a summons based on the petition. *See United States v. Vallee*, 677 F.3d 1263, 1264-65 (9th Cir. 2012). So long as the warrant or summons is issued before the expiration of the term of supervised release, the court's power to revoke extends beyond the expiration for any period of time "reasonably necessary" to adjudicate matters arising before the expiration. *See* 18 U.S.C. § 3583(i). The "reasonably necessary" period may encompass delays attributable to the defendant's custody on other federal charges. *See United States v. Morales-Isabarras*, 745 F.3d 398, 403 (9th Cir. 2014). Once the defendant is in custody on the supervised release violation or has appeared in response to a summons, the defendant is entitled to an initial appearance "without unnecessary delay"; to a preliminary hearing to determine whether there is probable cause to believe that a violation has occurred; and, if probable cause is found, to a revocation hearing "within a reasonable time." *See* Fed. R. Crim. P. § 32.1(a), (b).

Defendant asks this Court to bypass all of these procedures and – without input from the United States Probation Office or United States Attorney's Office – determine by a preponderance of the evidence that a violation has occurred, revoke the term of supervised release, impose an appropriate term of imprisonment for the violation, *and* direct that (contrary to the Guidelines' policy statement) any such term run concurrently with the prison term Defendant is serving on the second conviction. Even if the Court were to conclude that the unauthenticated documents provided with the parties' briefing establishes a violation by a preponderance of the evidence, the Court cannot undertake any meaningful consideration of the § 3553(a) factors on this scant record. Thus the Court thus agrees with the United States that Defendant's motion is premature.

In his reply, Defendant argues that his motion is ripe for decision, relying upon *Abbott Labs. v. Gardner*, 387 U.S. 136 (1967) and *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992). Those are civil cases addressing, respectively, regulation of the prescription drug industry and an alleged taking of real property. The Supreme Court's discussion of the ripeness doctrine in those contexts is not helpful here.

The Court acknowledges that if revocation proceedings are delayed, Defendant may lose the opportunity to request that any additional term of imprisonment run concurrently with the term of imprisonment Defendant is serving on the second conviction. However, Defendant has not

cited any authority suggesting that the United States or the Court must take such a consideration into account when deciding when or if to initiate revocation proceedings. A recent Ninth Circuit decision suggests just the opposite. In *Morales-Isabarras*, the defendant was convicted of illegal reentry in the Southern District of California while serving a term of supervised release on an earlier conviction for illegal reentry in the Northern District of California. *Morales-Isabarras*, 745 F.3d at 400. Upon a probation officer's petition for revocation, and during the term of supervised release, the Northern District court issued an arrest warrant. *Id.* At that time, the defendant was in federal custody on the second illegal reentry offense. *Id.* The warrant was not executed for six years, until after expiration of the defendant's term of supervised release and his term of imprisonment on the second offense. The Court of Appeals nonetheless concluded that the Northern District court retained the power to revoke the term of supervised release, in part based upon a determination that the delay while the defendant was serving the term of imprisonment on the second offense "was reasonably necessary because requiring the government to transfer Morales to the Northern District of California where the violation was adjudicated would be burdensome." *Id.* at 403.

Accordingly, even assuming that it could grant the requested relief in the exercise of its discretion, the Court declines to do so for the reasons discussed above.

### III.   ORDER

Defendant's motion to revoke supervised release and impose sentence *in absentia* is DENIED. The Court's ruling is without prejudice to Defendant's reassertion of his arguments if and when revocation proceedings are initiated. Although not approving the validity or reasonableness of such a request, in the event that revocation proceedings are instituted, Defendant may request a downward departure based upon his alleged lost opportunity for concurrent sentences.

Dated: January 21, 2015

_____
BETH LABSON FREEMAN
United States District Judge

4